UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KIMBERLY MOORE STARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1378 (ESH) |
| | ) | |
| FANNIE MAE, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration [ECF No. 5]. The Court advised the plaintiff of her obligations under the Federal Rules of Civil Procedure and the local rules of this Court to respond to the motion, and specifically warned her that, if she did not respond to the motion by November 15, 2013, the Court would treat the motion as conceded. At the plaintiff's request, the Court extended the deadline to December 2, 2013. To date, the plaintiff has not filed an opposition to the motion, nor has she requested a second extension of time. Therefore, the motion could be granted as conceded. *See* Local Civil Rule 7(b). But, the Court concludes that this action must be dismissed for two independent reasons.

First, defendant moves to dismiss plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended (Title VII"), *see* 42 U.S.C. § 2000e *et seq.*, because she failed to timely file this lawsuit. Def.'s Mem. of P. & A. in Support of its Mot. to Dismiss or, in the Alternative, Mot. to Compel Arbitration [ECF No. 5-1] ("Def.'s Mem.") at 2-3. Generally, a plaintiff who has filed a charge of discrimination with the Equal Employment Opportunity Commission

("EEOC") must file her lawsuit within 90 days of receipt of a right-to-sue notice. *See* 42 U.S.C. § 2000e-5(f)(1). Plaintiff alleges that she received the notice on April 30, 2013, *see* Compl. ¶ 4, and the Clerk of Court received plaintiff's complaint 91 days later, on July 30, 2013.[1] The complaint was therefore not filed on time and will be dismissed on that ground.

Defendant also moves for referral of the plaintiff's claims to arbitration pursuant to Fannie Mae's Dispute Resolution Policy. *See* Def.'s Mem. at 3-4. In support of its motion, defendant submits a copy of plaintiff's application for employment, pursuant to which plaintiff "agreed to be bound by Fannie Mae's Dispute Resolution Policy." *Id.*, Ex. 1 (Application for Employment dated February 11, 2000) at 4. The Dispute Resolution Policy purportedly "applies to all claims that an employee might make against Fannie Mae . . . involving a legally-protected right, that directly or indirectly relate to . . . her employment or the termination of that employment," such as "claims asserting rights protected by . . . Title VII of the Civil Rights Act of 1964 [and the] Age Discrimination in Employment Act." *Id.*, Ex. 2 (Dispute Resolution Policy effective March 16, 1998) at 1. It appears that all of plaintiff's claims pertain to her employment and termination of her employment at Fannie Mae and thus are subject to Fannie Mae's Dispute Resolution Policy. Accordingly, even if the complaint had been timely filed, defendant's motion to compel arbitration would be granted and the claims stayed or dismissed pending the conclusion of arbitration.

A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: December 11, 2013

---

[1] The filing date that appears on the electronic docket, September 11, 2013, is immaterial because a case is not formally docketed until after a ruling on an application to proceed *in forma pauperis*.

2